UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

PETER MAYLATH, on behalf of himself and all others similarly situated,

                              Plaintiffs,

        -against-

BROWN RACING STABLE INCORPORATED, and BRUCE BROWN, Individually,

                            Defendants.

------------------------------------------------------------------------X

Case No.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiff, PETER MAYLATH, on behalf of himself and all others similarly situated (hereinafter referred to as "Plaintiff"), by and through his attorneys, Forchelli Deegan Terrana LLP, alleges upon personal knowledge to himself and upon information and belief as to all other matters as follows:

## **NATURE OF THE ACTION**

1.    Plaintiff brings this lawsuit against defendants, Brown Racing Stable Incorporated and Bruce Brown (collectively, hereinafter "Defendants") to recover unpaid minimum wages, wages for overtime work performed, liquidated damages, attorneys' fees, and other damages on behalf of all of Defendants' Hot Walkers and Groomers and other similarly situated employees, based on Defendants' violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2.    Plaintiff further alleges, *inter alia*, that he is entitled to unpaid minimum wage, unpaid wages for overtime work, spread of hours pay, liquidated damages, attorneys' fees, and statutory damages for Defendants' notice violations on behalf of all of Defendants' Hot Walkers

and Groomers and other similarly situated employees, based on Defendants' violation of the New York Labor Law ("NYLL"), Articles 6 and 19, and appropriate rules and regulations.

## JURISDICTION & VENUE

3.    Jurisdiction of the Court over this controversy is based upon 28 U.S.C. § 1331 due to Plaintiff's claims under the FLSA, 29 U.S.C. § 201 *et seq.*

4.    This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

5.    This action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b)(2), because events giving rise to this action occurred in Nassau and/or Queens Counties.

## THE PARTIES

*Plaintiff*

6.    At all times relevant, Plaintiff resided in Nassau County, New York.

7.    Plaintiff was employed by the Defendants as a non-exempt Hot Walker at Belmont racetrack in Elmont from approximately May 2020 through July 8, 2023.

8.    During the course of Plaintiff's employment, Defendants required Plaintiff to perform duties as a Hot Walker at Belmont racetrack in Elmont, New York and other racetracks.

9.    At all times relevant, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

10.    At all times relevant, Plaintiff was an "employee" within the meaning of NYLL § 190(2).

11.    At all times relevant, Plaintiff was an "employee" within the meaning of NYLL § 651(5).

2

***Defendants***

12.     Brown Racing Stable Incorporated is a domestic corporation.

13.     Brown Racing Stable Incorporated lists its principal place of business as 147 Geranium Avenue, Floral Park, NY 11001.

14.     At all times relevant, Brown Racing Stable Incorporated was and is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15.     At all times relevant, Brown Racing Stable Incorporated was and is an "employer" within the meaning of NYLL § 190(3).

16.     At all times relevant, Brown Racing Stable Incorporated was and is an "employer" within the meaning of NYLL § 651(6).

17.     At all times relevant, Brown Racing Stable Incorporated was an enterprise engaged in commerce or in the production of goods for commerce under 29 U.S.C. § 203(r) and (s).

18.     Upon information and belief, Bruce Brown owns and operates Brown Racing Stable Incorporated.

19.     Bruce Brown holds himself out as the chief executive officer of Brown Racing Stable Incorporated.

20.     Upon information and belief, Bruce Brown has operational control over Brown Racing Stable Incorporated, sets the weekly hours and schedules of employees, has the power to establish the wages of the employees, implements and supervises the wage and hour practices and policies relating to employees, controls significant business functions of Brown Racing Stable Incorporated, determines employee salaries, makes hiring and firing decisions, and maintains the employee records.

21.    At all times relevant, Bruce Brown was and is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22.    At all times relevant, Bruce Brown was and is an "employer" within the meaning of NYLL § 190(3).

23.    At all times relevant, Bruce Brown was and is an "employer" within the meaning of NYLL § 651(6).

24.    At all times relevant, Defendants employed more than two persons, including Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling, or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. § 203(b), (g), (i) and (j).

25.    Upon information and belief, at all times relevant, Defendants annual gross volume of business was not less than $500,000.

## STATEMENT OF FACTS

26.    Plaintiff was employed as a Hot Walker for the Defendants from in or around May 2020 to July 2023.

27.    As a Hot Walker, Plaintiff's duties included, but were not limited to, hand-walking horses to cool them down after a race or workout; hand-walking horses to warm them up and preparing them prior to a workout or race; ensuring that horses stay fit and well; grooming, brushing and bathing horses; clipping and trimming the coats and feet of horses; washing, drying and folding horse laundry; cleaning the barn area, and assisting grooms.

28.    Plaintiff did not supervise any other employee and had no other supervisory authority over any other person.

29.    Defendant Brown hired Plaintiff and managed Plaintiff's employment, having operational control of the day-to-day operations, as well as supervising and controlling the conditions of Plaintiff's employment including, but not limited to, deciding Plaintiff's job duties, schedule, and salary.

30.    At all times relevant, Defendant Brown maintained Plaintiff's employment records.

31.    While employed for the Defendants, Plaintiff was generally scheduled to work and did work seven (7) days per week.

32.    Plaintiff consistently worked over forty (40) hours per week.

33.    Throughout his employment with Defendants, Plaintiff regularly worked the following schedule: (a) during the approximately three (3) days a week that the horses ran a race and/or participated in a workout, Plaintiff worked approximately seventeen (17) hours per day; and (b) during the approximately four (4) days a week that the horses did not run a race and/or participate in a workout, Plaintiff worked approximately eleven hours (11) per day.

34.    On the days when the horses run, Plaintiff worked approximately seventeen (17) hours, from 5:00 a.m. to 10:00 p.m.

35.    When the horses did not run, Plaintiff worked approximately eleven (11) hours, working two shifts, from 5:00 a.m. to 11:00 a.m., and 6:00 p.m. to 11:00 p.m.

36.    Accordingly, during his employment with Defendants, Plaintiff worked approximately ninety-five (95) hours per week.

37.    Although Plaintiff regularly worked approximately ninety-five (95) hours or more per week during his employment with Defendants, Defendants did not pay Plaintiff at a wage rate in compliance with minimum wage law or time and a half (1.5) for the hours regularly worked over forty (40) in a workweek, violating the overtime provisions of the FLSA and NYLL.

38.    Throughout his employment, Plaintiff was misclassified as an exempt employee.

39.    Defendants paid Plaintiff a fixed salary each week regardless of the number of hours he actually worked. Defendants failed to pay Plaintiff premium overtime pay for all hours he worked over 40 hour each week.

40.    Instead, throughout his employment, Defendants paid Plaintiff a salary of $600 per week.

41.    During certain weeks, such as from December 2, 2021 to December 8, 2021, Plaintiff's fixed salary was reduced to $400 per week.  On other weeks, such as from January 6, 2022 to January 12, 2022, Plaintiff's fixed salary was increased to $900 per week.

42.    For example, during the workweek of July 7, 2022, Plaintiff worked approximately 90 hours, but was only paid $600.  During the three (3) days when the horses ran, Plaintiff worked approximately seventeen (17) hours.  On the remaining four (4) days, Plaintiff worked between nine (9) hours and eleven (11) hours per day.  During that workweek, Plaintiff was not paid the proper minimum wage, overtime premium, or spread of hours.

43.    Indeed, Plaintiff's rate of pay was below the minimum wage requirements of both the FLSA and NYLL.

44.    Plaintiff regularly worked more than ten (10) hours per day without receiving an extra hour of pay at the legally prescribed minimum wage for each day that he worked in excess of ten (10) hours in violation of the spread of hours provisions in the NYLL and related regulations.

45.    Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

46.    Defendants did not accurately record or report the hours Plaintiff worked.

47.    In violation of the NYLL, Defendants willfully failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

48.    In violation of the NYLL, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid.

49.    As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's lack of knowledge about the rates of pay he was receiving and/or should have been receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay, overtime rate of pay, and spread of hours pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

50.    Additionally, Defendants' willful failure to provide Plaintiff with proper wage notices and wage statements prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid at least the minimum wage for his regular hours worked, time-and-a-half for his overtime hours worked, and spread of hours pay when his spread of hours exceeded 10 hours in each of his workdays as required by the FLSA and/or NYLL.

51.     Defendants knew that nonpayment of overtime would economically injure Plaintiff and violated state and federal laws.

52.     Defendants committed these acts against Plaintiff knowingly, intentionally and willfully.

53.     Defendant Brown dictated, controlled, and ratified the wage and hour employee compensation policies.

## FLSA COLLECTIVE ACTION ALLEGATIONS

54.     Plaintiff brings these claims as a collective action pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of all individuals who worked for Defendants in a salaried Hot Walker and/or Groomer position at any time since March 5, 2021 (the "FLSA Collective").

55.     At all times relevant, Plaintiff and the FLSA Collective are, and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them minimum wage and overtime at the rate of one-and-one-half times their hourly rate for work in excess of forty (40) hours per workweek. The claims of the Plaintiff stated herein are essentially the same as those of the FLSA Collective.

56.     Plaintiff brings the first and second causes of action under the FLSA on behalf of the Plaintiff and all members of the FLSA Collective who opt-in to this collective action pursuant to 29 U.S.C. 216(b).

57.     The members of the FLSA Collective are readily ascertainable and their names and addresses are readily available from the Defendants.  The FLSA Collective should be provided notice of this action and permitted to opt-in, pursuant to 29 U.S.C. 216(b).

58.     Absent notice to the FLSA Collective, they will be unlawfully deprived of minimum wage and overtime compensation in violation of the FLSA.

59.     Plaintiff is representative of the FLSA Collective and is acting on their behalf in bringing this action.

## FEDERAL RULES OF CIVIL PROCEDURE RULE 23 CLASS ACTION ALLEGATIONS

60.     Plaintiff brings his New York Labor Law ("NYLL") claims, the third, fourth, fifth, sixth and seventh causes of action, on his own behalf and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") on behalf of all individuals who worked for Defendants in a salaried Hot Walker and/or Groomer position within the State of New York at any time since March 5, 2018 (the "Rule 23 Class").

61.     The Rule 23 Class members are readily ascertainable from the records of the Defendants. The schedules, hours worked, the positions held, and compensation for each Rule 23 Class member are also determinable from Defendants' records.

62.     The proposed Rule 23 Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than twenty (20) members of the Rule 23 Class.

63.     Plaintiff's claims are typical of the claims that each member of the Rule 23 Class could allege, and the relief sought is typical of the relief which would be sought by each member of the Rule 23 Class in separate actions. All of the Rule 23 Class members were subject to the same corporate practices of the Defendants. Defendants' policies and practices affected all Rule 23 Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful

acts as to each class member. Plaintiff and other Rule 23 Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

64.    There are questions of law and fact common to the Rule 23 Class, which predominate over any questions affecting only individual class members, including:

a.    Whether Defendants incorrectly classified Plaintiff and the Rule 23 Class as exempt salaried employees;

b.    Whether Defendants unlawfully failed to pay Plaintiff and the Rule 23 Class minimum wage for all hours worked;

c.    Whether Defendants unlawfully failed to pay Plaintiff and the Rule 23 Class overtime wages for all hours worked in excess of 40 hours per week;

d.    Whether Defendants furnished Plaintiff and the Rule 23 Class with a wage notice as required by the NYLL;

e.    Whether Defendants furnished Plaintiff and the Rule 23 Class with an accurate pay statement as required by the NYLL;

f.    The nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the Class; and

g.    Whether Defendants' failure to pay Plaintiffs and the Rule 23 Class overtime compensation for all hours worked in excess of forty (40) hours per week was done willfully or with reckless disregard for the applicable federal and state wage and hours laws.

65.    Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and he has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

66.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

67.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

68.     Because the losses, injuries and damages suffered by each of member of the Rule 23 Class are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

69.     Additionally, important public interests will be served by addressing this matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Rule 23 Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

70.     The issues in this action can be decided by means of common, class-wide proof.

71.     Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

72.     Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION
### (FLSA Minimum Wage Violations, including 29 U.S.C. 206 *et seq*.)
### (Brought on behalf of the Plaintiff and FLSA Collective)

73.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

74.     Defendants engaged in a widespread pattern and practice of violating the FLSA, as described herein.

75.     The minimum wage provisions set forth in 29 U.S.C. § 206 *et seq.* apply to the Defendants.

76.     Plaintiff regularly worked seven (7) days per week, working seventeen (17) hours per day when the horses ran a race or participated in a workout and eleven (11) hours per day when the horses did not race.  Plaintiff worked approximately ninety-five (95) hours per week.

77.     Throughout his employment, Defendants paid Plaintiff a fixed salary of $600 per week, regardless of the number of hours Plaintiff worked.

78.     Plaintiff's regular rate of pay is calculated by dividing the total pay, $600 per week, by the total number of hours worked, 95 hours.  Plaintiff's regular rate of pay was $6.32 per hour.

79.     At all times relevant, Defendants had a policy and practice of refusing to pay minimum wage to Plaintiff and the FLSA Collective.

80.     At all times relevant, Defendants operated under common policies, practices, and procedures of willfully failing and refusing to pay the Plaintiffs and FLSA Collective minimum wage as required by the FLSA, 29 U.S.C. § 206.

81.    Defendants failed to make a good faith effort to comply with the FLSA with respect to compensation of both the Plaintiff and the FLSA Collective.

82.    Defendants' violations of the FLSA have been willful and a three (3) year statute of limitations applies, pursuant to 29 U.S.C. § 255.

83.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied minimum wage.

84.    Plaintiff, on behalf of himself and the FLSA Collective, seeks damages in the amount of their respective unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION**
**(FLSA Overtime Violations, including 29 U.S.C. 201 *et seq*.)**
**(Brought on behalf of the Plaintiff and FLSA Collective)**

85.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

86.    Defendants engaged in a widespread pattern and practice of violating the FLSA, as described herein.

87.    The overtime provisions set forth in 29 U.S.C. § 201 *et seq.* apply to the Defendants.

88.    At all times relevant, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff and the FLSA Collective for those hours worked in excess of forty (40) hours per workweek.

89.    At all times relevant, Defendants operated under common policies, practices, and procedures of willfully failing and refusing to pay the Plaintiffs and FLSA Collective at one-and-one-half times their regular hourly rate for work in excess of forty (40) hours per workweek, and

willfully failing to keep records required by the FLSA even though the Plaintiff and FLSA Collective were and are entitled to overtime.

90.    Defendants failed to make a good faith effort to comply with the FLSA with respect to compensation of both the Plaintiff and the FLSA Collective.

91.    Defendants' violations of the FLSA have been willful and a three (3) year statute of limitations applies, pursuant to 29 U.S.C. § 255.

92.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime wages.

93.    Plaintiff, on behalf of himself and the FLSA Collective, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
**(New York Overtime Violations, including NYLL § 650 *et seq.*,
N.Y. Comp. Codes R. & Regs. Tit. 12, § 142 – 2.2)
(Brought on behalf of the Plaintiff and Rule 23 Class)**

94.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

95.    Defendants employed the Plaintiff and members of the Rule 23 Class for workweeks longer than forty (40) hours and failed to compensate them at a rate of at least one-and-one-half times their regular rate for all hours worked over forty in violation of the NYLL.

96.    Defendants willfully violated NYLL § 650 *et seq.* and 12 N.Y.C.R.R. § 142- 2.2 by failing to pay Plaintiff and the members of the Rule 23 Class overtime compensation for each hour worked in excess of forty hours per workweek.

14

97.    Defendants have a policy and practice of refusing to pay overtime compensation at the proper rate to the Plaintiff and members of the Rule 23 Class.

98.    Defendants do not have a good faith basis for believing that their failure to pay overtime compensation at the proper rate complied with the NYLL.

99.    As a result of Defendants' willful and unlawful conduct, Plaintiff and the Rule 23 Class members have suffered damages and are entitled to an award of damages, including owed back wages, liquidated damages, pre- and- post judgment interest, costs, attorney's fees and costs, as provided by the NYLL, in amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(New York Notice Requirements, including NYLL §§ 195 & 198)**
**(Brought on behalf of the Plaintiff and Rule 23 Class)**

100.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

101.    Defendants failed to furnish Plaintiff and the Rule 23 Class members, at the time of hiring, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of NYLL § 195(1).

102.    Defendants' violations of NYLL § 195 harmed Plaintiff and the Rule 23 Class members by facilitating Defendants' unpaid wages policies.

103.    Defendants' violations of NYLL § 195 further resulted in an underpayment of Plaintiff's and the Rule 23 Class members' wages.

104.    Due to Defendants' violations of NYLL § 195(1), Plaintiff, and the Rule 23 Class, are entitled to recover from Defendants damages, up to a maximum of $5,000.00 as provided by NYLL § 198, along with reasonable attorney's fees, and costs and disbursements of this action for each employee who did not receive such notice.

**FIFTH CAUSE OF ACTION**
**(New York Wage Statement Requirements, including NYLL §§ 195 & 198)**
**(Brought on behalf of the Plaintiff and Rule 23 Class)**

105.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

106.    Defendants  failed to furnish Plaintiff and the members of the Rule 23 Class with accurate statements of wages as required by NYLL § 195.

107.    Defendants' violations of NYLL § 195 harmed Plaintiff and the Rule 23 Class members by facilitating Defendants' unpaid wages policies.

108.    Defendants' violations of NYLL § 195 further resulted in an underreporting of Plaintiff's and the Rule 23 Class members' wages.

109.    Due to Defendants violations of NYLL § 195(3), Plaintiff, and the Rule 23 Class, are entitled to recover from Defendants damages, up to a maximum of $5,000 as provided by NYLL § 198, along with reasonable attorney's fees, and costs and disbursements of this action for each employee who failed to receive such statements.

### SIXTH CAUSE OF ACTION
**(New York Spread of Hours Violation, including N.Y. Comp. Codes R. & Regs. Tit. 12, § 142 – 2)**
**(Brought on behalf of the Plaintiff and Rule 23 Class)**

110.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

111.    Defendants employed the Plaintiff and members of the Rule 23 Class for shifts in which the interval between the beginning and end of the workday exceeded ten (10) hours and willfully failed to compensate them one hour's pay at the basic minimum hourly wage rate in violation of section 142-2 of Title 12 of the NYCRR.

112.    Defendants willfully violated 12 N.Y.C.R.R. § 142-2 by failing to pay Plaintiff and the members of the Rule 23 Class spread of hours pay for each shift worked in excess of ten (10) hours.

113.    Defendants have a policy and practice of refusing to pay spread of hours pay to the Plaintiff and members of the Rule 23 Class.

114.    Defendants do not have a good faith basis for believing that their failure to pay spread of hours pay complied with the NYLL.

115.    As a result of Defendants' willful and unlawful conduct, Plaintiff and the Rule 23 Class members have suffered damages and are entitled to an award of damages, including owed back wages, liquidated damages, pre- and- post judgment interest, costs, attorney's fees and costs, as provided by the NYLL, in amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### (New York Minimum Wage Violations, including NYLL §§ 650 et seq., N.Y. Comp. Codes R. & Regs. Tit. 12, § 142 – 2.1) (Brought on behalf of the Plaintiff and Rule 23 Class)

116.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

117.    Defendants employed the Plaintiff and members of the Rule 23 Class and failed to compensate them at a rate of at least the minimum wage for all hours worked in violation of the NYLL.

118.    Plaintiff regularly worked seven (7) days per week, working seventeen (17) hours per day when the horses ran a race or participated in a workout and eleven (11) hours per day when the horses did not race.  Plaintiff worked approximately ninety-five (95) hours per week.

119.    Throughout his employment, Defendants paid Plaintiff a fixed salary of $600 per week, regardless of the number of hours Plaintiff worked.

120.    Pursuant to 12 N.Y.C.R.R. § 142-2.16, because Plaintiff worked ninety-five hours per week and was paid $600 per week, Plaintiff's wage rate was $6.32 per hour.

121.    At all times, Plaintiff's hourly rate of pay was below the state required minimum wage rate.

122.    Defendants willfully violated NYLL § 650 *et seq.* and 12 N.Y.C.R.R. § 142- 2.1 by failing to pay Plaintiff and the members of the Rule 23 Class at least the minimum hourly wage.

123.    Defendants have a policy and practice of refusing to pay minimum wage to the Plaintiff and members of the Rule 23 Class.

124.    Defendants do not have a good faith basis for believing that their failure to pay minimum wage complied with the NYLL.

125.   As a result of Defendants' willful and unlawful conduct, Plaintiff and the Rule 23 Class members have suffered damages and are entitled to an award of damages, including owed back wages, liquidated damages, pre- and- post judgment interest, costs, attorney's fees and costs, as provided by the NYLL, in amount to be determined at trial.

### **DEMAND FOR TRIAL BY JURY**

Plaintiff, the FLSA Collective, and the Rule 23 Class demand a trial by jury on all issues so triable.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seek the following relief:

A.   Designating this action as a collective action on behalf of the collective action members and prompt issuance of notice to the FLSA Collective, apprising them of the pendency of this action and permitting them to join this lawsuit if they believe they were denied proper wages;

B.   Designating Plaintiff as a representative of the FLSA Collective and Rule 23 Class and the Plaintiff's attorneys to represent the collective action and class members;

C.   Certification of this case as a class action pursuant to Rule 23;

D.   Pay to Plaintiff, the FLSA Collective and Rule 23 Class unpaid minimum and overtime wages under the FLSA and NYLL;

E.   Pay to Plaintiff and the Rule 23 Class statutory damages for failure to provide wage notice and wage statements under the NYLL;

F.   Pay to Plaintiff and the Rule 23 Class spread of hours pay under the NYLL;

G.   Pay to Plaintiff, the FLSA Collective and Rule 23 Class liquidated damages;

H.   Pay to Plaintiff, the FLSA Collective and Rule 23 Class pre-judgment interest and post-judgment interest as provided by law;

I.   Issue an order declaring that the practices complained of herein are unlawful under the FLSA and the NYLL and equitable and injunctive relief to remedy the violations;

J.    Pay attorneys' fees and costs of maintaining this action; and

K.    Such other relief as this Court shall deem just and proper.

Dated: March 5, 2024
Uniondale, New York

Respectfully submitted,

FORCHELLI DEEGAN TERRANA LLP

By: _____
     Gregory S. Lisi, Esq.
     *Attorneys for Plaintiff*
     333 Earle Ovington Blvd., Suite 1010
     Uniondale, NY 11553
     Phone: (516) 248-1700
     E-Mail: glisi@forchellilaw.com

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to be a party plaintiff in a lawsuit against my former employer, Brown Racing Stable Incorporated and Bruce Brown, for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and any applicable state law.

During the past three (3) years, there were occasions where I was not paid the applicable minimum wage and worked over forty (40) hours in a week for Brown Racing Stable Incorporated and Bruce Brown and I did not receive overtime compensation for those hours.

I designate Plaintiff's counsel, Forchelli Deegan Terrana LLP, to represent me and make decisions on my behalf concerning the litigation, including any settlement. I agree to be bound by any adjudication, whether favorable or unfavorable.

02 - 26 - 2024
Date

Signature

PETER J. Maylath
First and Last Name